# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| **CORNELIUS D. RIAS,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-01416-SEM |
| ) | |
| **PEORIA COUNTY JAIL** *et al.*, ) | |
|     Defendants. ) | |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a motion for leave to file an amended complaint [9] by Plaintiff *pro se* Cornelius D. Rias. The Court grants Plaintiff's motion and finds that Plaintiff's amended complaint states a constitutional violation.

## I. SCREENING STANDARD

The court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. FACTS ALLEGED

Plaintiff, who is incarcerated at the Illinois River Correctional Center, alleges constitutional violations that occurred during his detention at the Peoria County Jail ("Jail"). Plaintiff identifies Peoria County Sheriff Chris Watkins, former Peoria County Sheriff Brian Asbell, and the Jail as Defendants.

Plaintiff's complaint describes a series of Jail conditions that persisted during his detention. For example, Plaintiff states he was traumatized due to exposure to physical altercations among inmates and the death of a corrections officer by another inmate. Plaintiff also says he was provided a mattress with no padding, a cell with no hot or cold running water, deprived of toiletries for a couple of months, and exposed to black mold in the showers.

## III. ANALYSIS

Because Plaintiff was a detainee at the time of the conditions alleged, his claim arises under the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). Based on the Court's review of Plaintiff's complaint, his account is sufficient to state a Fourteenth Amendment conditions of confinement claim.

However, despite naming Defendants Asbell and Watkins, Plaintiff does not describe the acts or omissions Asbell or Watkins took to infer their personal involvement. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

Despite Plaintiff's omission and recognizing his *pro se* status, the Court will allow Plaintiff's conditions of confinement claim to proceed against Defendant Watkins, the current Peoria County Sheriff. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (holding that the facility's warden is the proper defendant to answer for claims regarding conditions of confinement and to carry out any

injunctive relief granted); *see also* 730 ILCS 125/2 ("The Sheriff of each county in [the] State [of Illinois] shall be the warden of the jail of the county....").

As earlier noted, Plaintiff should understand that liability under § 1983 requires "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). If Defendant Watkins was not personally involved in depriving Plaintiff's Fourteenth Amendment right regarding the conditions of confinement while detained at the Jail, Plaintiff's suit may be subject to summary dismissal.

Therefore, the Court advises that Plaintiff should try to determine, through the discovery process, who was personally involved in violating his Constitutional rights, if it was not Defendant Watkins. Plaintiff should then seek leave to amend his complaint to add these individuals as Defendants. The Court will explain this process in more detail in a Scheduling Order that the Court will enter in the future.

Accordingly, the Court dismisses Defendant Asbell as a Defendant. The Court also dismisses the Jail as an improper

Defendant. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or correctional facility, cannot be sued under § 1983).

**IT IS THEREFORE ORDERED:**

1) **The Court GRANTS Plaintiff's motion for leave to file an amended complaint [9] and DIRECTS the Clerk of the Court to docket Plaintiff's amended pleading.**

2) **Based on the merit review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment condition of confinement claim against Defendant Watkins. Plaintiff's claim against Watkins proceeds in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Court DIRECTS the Clerk of the Court ("Clerk") to terminate Brian Asbell and the Peoria County Jail as party Defendants.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of**

this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.

**Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the release is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant. Formal service will require Defendant to pay the associated costs under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED January 27, 2023.

S/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE